JOHN HARRIS PAER, ESQ.   #1551-0
41 B Kepola Place
Honolulu, Hawaii  96817
Telephone:  (808) 595-7179
Facsimile:  (808) 595-7179
email: paerj001@hawaii.rr.com

CHRISTIAN P. PORTER
PORTER TOM QUITIQUIT CHEE & WATTS, LLP
2125 Davies Pacific Center
841 Bishop Street
Honolulu, Hawaii  96813
Telephone:  (808) 526-3011
Facsimile:  (808) 523-1171
email: cporter@btpqlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAPUA SPROAT and KOSENA FONOIMOANA,<br><br>    Plaintiffs,<br><br>  vs.<br><br>JPMORGAN CHASE BANK, N.A., ENLOE ENTERPRISES, INC., PRIVATE CAPITAL GROUP, INC., PARKER ENLOE and ANDREW SHIRLEY,<br><br>    Defendants. | CIVIL NO. 10-00519 LEK-KSC<br><br><br><br><br>PLAINTIFFS' PRETRIAL STATEMENT<br><br>TRIAL DATE: OCTOBER 12, 2011 |

PLAINTIFFS' PRETRIAL STATEMENT

COME NOW Plaintiffs, by and through their undersigned counsel, and pursuant to Local Rule 16.6, file their pretrial statement.

1

(a) *Party*. This pretrial statement is filed on behalf of Plaintiffs, KAPUA SPROAT and KOSENA FONOIMOANA.

(b) *Jurisdiction and venue*. There is no dispute over jurisdiction and venue. Jurisdiction is proper under 15 U.S.C. §1640(e) and 28 U.S.C. §1337 and §1332.

(c) *Substance of Action*. This is a Truth in Lending Act (TILA) and a Hawaii Unfair and Deceptive Practices Act (UDAP), H.R.S. §480-2 case along with other state claims. Plaintiff contends that Defendant and the original lender violated the TILA by failing to provide required disclosures. These violations are also UDAP violations. Plaintiffs also allege other deceptive and unfair acts separate and apart from the TILA claims as well as claims of fraud and unlicenced brokering. JPMorgan Chase Bank (hereinafter "Chase") claims that its actions are in conformity with all laws. Plaintiff's factual allegations and claims are set forth in detail in the complaint.

Plaintiffs have settled with the (non-Chase) defendants.

(d) *Undisputed Facts*. The undisputed facts are as follows:
1. Plaintiffs are natural person and residents of the State of Hawaii, and are elder consumers within HRS §480-13.5.

2. Chase is a national bank doing business in Hawaii and is subject to the jurisdiction of this Court.

3. Chase is the present owner and holder of a note and mortgage on Plaintiffs' home.

4. On or about September 25, 2008, Chase purchased the assets of Washington Mutual, including this loan and thousands of other residential mortgage loans which were originated in 2006 and 2007.

(e) *Disputed Factual Issues*.

1. Whether the information provided on the loan application came from Plaintiffs or from the original lender or from other defendants.

2. Whether Wamu entered false information on the loan application, including but not limited to, inflating Plaintiffs' income on the application.

3. Whether proper documents, including the correct and accurate rescission notice and disclosure statement, were given to Plaintiffs at closing, and whether the documents that were given to Plaintiffs complied with TILA.

4. Whether charges in this mortgage loan were properly disclosed to Plaintiffs.

5. Whether false representations were made to Plaintiff in connection with this loan, including but not limited to, the terms of the loans and charges therein.

6. Whether the Finance Charge was understated and the Amount Financed was overstated.

7. Whether Wamu engaged in unfair and deceptive acts and practices vis a vis Plaintiffs.

(f) *Relief prayed*. Plaintiff seeks rescission of the loan plus statutory damages of $2000.00 each plus actual damages for the TILA violations, treble damages for the state violation as well as a declaration that the loan was void ab initio under state law, reasonable attorneys fees and costs.

(g) *Points of Law*.

1. Compliance with disclosure requirements in Consumer Credit Protection Act legislation, such as the TILA, is strictly and literally enforced. <u>Semar v. Platte Valley Savings & Loan Ass'n.</u> 791 F. 2d 699 (9th Cir. 1986); <u>Dixey v. Idaho First National Bank</u> 677 F. 2d 749 (9th Cir., 1982).

2. TILA Rescission rights apply to any assignee, including Chase. <u>Rundgren v. Washington Mutual Bank, F.A., et al.</u> 2010 WL 4960513 (D. Haw. Nov. 30, 2010); <u>King v. Long Beach Mortgage Company</u> 672 F. Supp. 2d 238 (D. Mass. 2009).

3. The loans, notes and mortgages were void ab initio under HRS §480-12. <u>Skaggs v. HSBC Bank USA, N.A.</u> Civ. No. 10-00247 JMS-KSC (D. Haw. Dec. 22, 2010).

4. Based on their relationship, the original lender and the other defendants owed Plaintiff a fiduciary duty. McCarty v. GCP Management, LLC. Civ. No. 10-00133 JMS-KSC 2010 WL 4812763, at #5 (D. Haw. Nov. 17, 2010); Spencer v. DHI Mortg. Co. 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009).

5. Plaintiffs' fraud claim supports a defense to the loans, even as to Chase.

6. The terms of tender upon TILA rescission should be flexible enough to support the policy behind the TILA. Semar v. Platte Valley Savings & Loan Ass'n. 791 F. 2d 699 (9th Cir. 1986).

(h) *Previous Motions*. No motions have been filed.

(i) *Witnesses to be called.*

1. Kapua Sproat. Will testify to the facts as set forth in the complaint and to other facts surrounding the investment scam and the refinancing of the subject property,

2. Kosena Fonoimoana. Will testify to the facts as set forth in the complaint and to other facts surrounding the investment scam and the refinancing of the subject property, including the loan closing and the documents given to Plaintiffs.

3. Laura Adolpho. Will testify to facts surrounding the investment scam and the refinancing.

4.   Thomas Adolpho.   Will testify to facts surrounding the investment scam and the refinancing.

5.   Kathleen Siliga.   Will testify to facts surrounding the investment scam and the refinancing.

6.   Charles Wheeler will testify as to the lending and practices of Washington Mutual and JPMorgan Chase.

7.   Rebuttal witnesses.

8.   Witnesses listed by Defendant(s) in its pretrial statement.

   (j) *Exhibits, schedules and summaries.*

1.   The documents given to Plaintiff in connection with the loans.

2.   Chase's agreement to buy Washington Mutual.

   (k) *Further Discovery or Motions.*   None.

   (l) *Stipulations.*   There have been no stipulations thus far, though it would seem that many documents could be stipulated as exhibits.

   (m) *Amendments, dismissals.*   The deadline for amendments has passed long ago.

   (n) *Settlement discussions.*   Counsel have discussed settlement on several occasions, and Plaintiff believes that settlement with

JPMorgan Chase is still a possibility. Plaintiffs have settled with the remaining (non-Chase) defendants.

(o) *Agreed statement.* An agreed statement, at least in part, is feasible, and not opposed by Plaintiffs.

(p) *Bifurcation, separate trial of issues.* The only issue that would be dealt with separately is the issue of reasonable attorneys fees if the action is successful. That is usually not part of the trial, but is decided upon motion after the trial.

(q) *Reference to master or magistrate judge.* Not applicable.

(r) *Appointment and limitation of experts.* Not applicable.

(s) *Trial.* Non jury trial is set for October 12, 2011 at 9:00 a.m.

(t) *Estimate of trial time.* Two days.

(u) *Claims of privilege or work product.* Not applicable.

(v) *Miscellaneous.* Not applicable.

DATED: Honolulu, Hawaii, August 25, 2011

/s/ John Harris Paer
JOHN HARRIS PAER
REBECCA ANN SZUCS
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAPUA SPROAT and KOSENA FONOIMOANA, <br><br> Plaintiffs, <br><br> vs. <br><br> JPMORGAN CHASE BANK, N.A., ENLOE ENTERPRISES, INC., PRIVATE CAPITAL GROUP, INC., PARKER ENLOE and ANDREW SHIRLEY, <br><br> Defendants. | CIVIL NO. 10-00519 LEK-KSC <br><br><br><br> CERTIFICATE OF SERVICE |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was duly served by depositing a copy thereof in the United States Mail, with adequate postage thereon, addressed to the following persons:

    Mr. Alan J. Ma
    Stubenberg & Durrett LLLP
    Davies Pacific Center
    841 Bishop Street, Suite 1101
    Honolulu, Hawaii 96813

    Mr. Robert E. Chapman
    Mr. Franklin D. Pacarro, Jr.
    Clay Chapman Iwamura Pulice & Nervell
    700 Bishop Street, Suite 2100
    Honolulu, Hawaii  96813

DATED: Honolulu, Hawaii, _August 25, 2011_

_/s/ John Harris Paer_
JOHN HARRIS PAER
Attorney for Plaintiffs